UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARIAN HALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:23-cv-437-SEP |
| DANNY FRANCIS, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Darian Hall's Motion for the Appointment of Counsel. Doc. [4]. The Court grants the motion, and appoints Brent Dulle of Husch Blackwell as counsel for Plaintiff.

**Background**

Plaintiff is an inmate at the Potosi Correctional Center ("PCC"). He instituted this action by filing a complaint pursuant to 42 U.S.C. § 1983 against Missouri Department of Corrections ("MDOC") employees Unknown Stone, Dennis Rulo, Daniel Francis, Jennifer Price (a/k/a Jennifer Currie), David Vandergriff, and Brian Davis. Plaintiff signed and dated the Complaint on April 2, 2023, and it was docketed in this Court on April 6, 2023.

In the Complaint, Plaintiff asserted claims premised upon the Eighth and Fourteenth Amendments. In support, he alleged he was wrongfully placed in administrative segregation as punishment for his past suicide attempts. He alleged his psychiatric symptoms were exacerbated by the extreme isolation and other conditions in administrative segregation, and he claimed certain Defendants had failed, and were failing, to provide constitutionally adequate mental health care. He also claimed other Defendants used excessive force against him. With the Complaint, Plaintiff filed a motion seeking a temporary restraining order and preliminary injunctive relief in the form of release from administrative segregation, and appropriate mental health treatment.

On April 7, 2023, the Court entered an order directing the Clerk to effect service upon the defendants, and directing defendants Francis, Currie, Vandergriff, and Davis ("Defendants") to respond to Plaintiff's motion by April 12, 2023. On April 12, 2023, Defendants filed a motion

seeking a one-week extension of time.  In support, Defendants averred, among other things, that: "Because Plaintiff is currently receiving medical treatment at an off-site facility, Plaintiff is unlikely to suffer any further irreparable harm during this requested extension."  Doc. [11] at 2.  The Court granted the requested extension, and on April 19, 2023, Defendants timely responded to Plaintiff's motion.  On its own motion, the Court gave Plaintiff until May 5, 2023, to file any reply.

On April 24, 2023, Plaintiff filed a motion titled "Plaintiff's Motion of Memorandum of Communication to the Court Seeking Sanction for Defendants Intentionally Delaying Action." Doc. [15].  He stated he was hospitalized on April 4, 2023, after he attempted suicide by "swallowing three loose razor blades" while in administrative segregation.  *Id.* at 4.  He was discharged from the hospital "on the morning of April 11, 2023" and returned to PCC on that date, and "Defendants gave order to place Plaintiff back into Administrative/punitive segregation with extreme isolation conditions."  *Id.*  In other words, according to Plaintiff's averments, he was not receiving medical treatment at an off-site facility at the time Defendants signed and filed their April 12, 2023, motion for extension of time.

Plaintiff accuses Defendants of giving this Court "false information," and states he was placed on suicide watch on April 16, 2023 "for having a mental health crisis that almost resulted in another attempt to commit[] suicide."  *Id.* at 4-5.  Plaintiff further states he is being denied access to his medical records because his account balance is negative, and he states his account balance is negative because Defendants charged him $116.00 for destroying his suicide smock by using it to make a noose to hang himself.  *Id*. at 5.  He states he was told that if he wanted his medical records, he would have to have a lawyer subpoena them.  *Id*. at 6.  He states he is left unable to adequately litigate this case.  *Id*. at 7.

## Motion to Appoint Counsel

In the instant motion, Plaintiff avers:  (1) he is unable to afford counsel; (2) the issues involved in this case are complex; and (3) he is in segregation and has "extremely limited access to the law library."  Doc. [4] at 2).  A pro se litigant does not have a constitutional or statutory right to appointed counsel in a civil case.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." (citation omitted)).  Rather, a district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has

stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent litigant to present his or her claim.  *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

As this Court previously determined, Plaintiff has stated non-frivolous claims against the Defendants.  Further, after considering the instant motion in light of the record in this case, the Court finds that appointing counsel at this time would benefit the Court as well as Plaintiff.  Accordingly, the Court grants Plaintiff's motion, and appoints Brent Dulle of Husch Blackwell as counsel for Plaintiff.  Appointed counsel must contact Plaintiff, and file an entry of appearance, by no later than Friday, May 5, 2023.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. [4]) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court appoints Brent Dulle of Husch Blackwell as pro bono counsel for Plaintiff in this matter.  Appointed counsel must contact Plaintiff, and file an entry of appearance, by no later than **Friday, May 5, 2023**.

Dated this 3rd day of May, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE